### CHARLES E. ALLEN v. ELIZA PLUMMER.

The rule, that the lien of an alias execution relates to the teste of the original, is not affected by the fact that the alias issued from the Court of another county, whilst the junior execution (of the creditor contesting) issued from the Court of the county where the property lies, and in point of fact, was first levied thereupon.

An execution placed in a sheriff's hands after sale under other process, but before the return of the proceeds, cannot compete therefor, with the executions under which the sale was made.

RETURN of a sheriff, asking instructions from the Court as to the application of money raised by virtue of sundry executions in his hands,—made to *Watts, J.,* at Fall Term 1868, of the Superior Court of HALIFAX.

The money had been raised out of the lands of one Faulcon, by sale made June 15, 1868. At that time the sheriff had in his hands an alias execution from Warren county, in favor of the defendant, the original of which, tested at Fall term 1867 of Warren Superior Court, had been in his hands, and had by him been returned to the Spring term 1868, of Warren Superior Court; also a *ven. ex.* in favor of the plaintiff, issued from May term 1868, of the County Court of Halifax, upon a levy on said land made by the sheriff, by virtue of an original execution tested of February term 1868, of that Court.

After the sale, an alias execution, in favor of Lanier, Bros., & Co., came into the hands of the sheriff. The original of this execution was tested of Fall term 1867, of the Superior Court of Halifax.

Upon consideration, his Honor was of opinion that the process of the defendant was entitled to a priority, and gave instructions accordingly. From this judgment, the plaintiff appealed.

*Conigland,* for the appellant, cited *Hardy* v. *Jasper,* 3 Dev. 158; *Tarkington* v. *Alexander,* 2 D. & B., 87; *Smith* v. *Spencer,* 3 Ire. 256; *Yarbrough* v. *State Bank,* 2 Dev. 23; *Washington* v. *Saunders,* 2 Dev. 344.

---

*In re* TATE.

---

Rogers & Batchelor, contra, cited *Green* v. *Johnson*, 2 Hawks,. 309; *Brasfield* v. *Whitaker*, 4 *Ib.* 309; *Palmer* v. *Clark*, 2 Dev. 354; *Jones* v. *Judkins*, 4 D. & B., 454.

READE, J.   At the time the sheriff made the sale, he had in his hands two executions, of different dates; and it is settled,. that the older execution must be first satisfied.

The fact that the older was an alias, issued subsequently to the junior, makes no difference, as the alias relates back to the date of the original, and is, in that sense, the older.   The fact that the older was issued from another county (Warren,) to the sheriff of Halifax, makes no difference, as the process of the Courts have when issued, the same force all over the State..

The execution of Lanier and Bro., did not reach the sheriff until after the sale, and is out of the question.   The funds, or so much as may be necessary, will be applied to the older execution—Mrs. Plummer's—and if there is any surplus, it will be applied to the junior execution—Allen's.

PER CURIAM.                                      There is no error.